The Court,

Gilpin, Ch. J.,

charged the jury: The plaintiff by his deed, bearing date the 25th of September, 1852, conveyed to the defendant certain lands for the consideration of $400, which sum it is alleged has never been paid, and for the recovery of which this suit has been instituted.
In the body of the deed is contained the usual acknowledgment of the receipt or'payment of the consideration-money. And it is insisted on the part of the defendant that the plaintiff, according to the rules of law, is estopped from denying the payment of the purchase-money. Such was.formerly the doctrine held in England, and the same doctrine is held in some of the States of this country. But such has never, that we are aware of, been recognized as the law of this State.
A receipt or acknowledgment, contained in the body of the deed, is undoubtedly prima fade evidence of payment of the consideration-money, but it is not conclusive. The fact of actual payment may be inquired into, and may be controverted, and it is competent for the plaintiff to show, by paroi evidence, the non-payment of the consideration-money mentioned in the deed. The acknowledgment, however, is considered sufficient evidence of the payment, until rebutted by showing the contrary.
The first question therefore to be considered and decided by you is, whether it satisfactorily appears, from the evidence before you, that the consideration-money was not paid at the time of the execution and delivery of the deed. If it was so paid, then there is an end of this case. But if it was not so paid, then it becomes neces-. *611 sary for you to inquire and determine whether it has been paid since the delivery of the deed, in the month of September, 1852, or whether the plaintiff was at that time, or at any time since the delivery of the deed, and prior to the bringing of this suit, indebted to the defendant, to an amount equal to the consideration-money of the deed of $400, with its interest.
These questions you will decide in view of all the evidence which has been submitted for your consideration.
It has been shown by the evidence that on the 12th of September, 1854, the plaintiff gave to the defendant a judgment note for $212, and that on the 24th of March, 1855, he gave the defendant a receipt for $1.07, in full of all accounts. And it is insisted by the defendant that the giving of the judgment note creates a legal presumption. that the consideration for the land has been paid at or prior to its date. This is certainly true as a general proposition, and if this fact stood alone, without other circumstances, it would be entitled to great weight; as it would imply a settlement between the parties at that time, and that all claims and demands between them "of inferior grade and dignity were included in it, and were extinguished by the security of a higher nature. It raises, however, at best, but a presumption, and as all presumptions of this character may be rebutted, it is not necessarily conclusive in this case. We say it is not necessarily conclusive, for this will very properly depend upon the view which the jury may take of other portions of the evidence, especially that which has reference to the consideration for which the judgment note was given. It seems that the plaintiff had previously become indebted to the defendant in various sums, namely: a note for $159.85, a bill for $25, and another for $8.75, which sums, according to the evidence, were included in the judgment note of the 12th of September, 1854, for $212.
It was contended on behalf of the plaintiff, that the judgment note was given for securing the sums just mentioned, together with, perhaps, some other small demands, without *612 any reference whatever to the consideration-money mentioned in the deed. If this be so,—that is, if the sum of $400, with its interest, remains unpaid, then the plaintiff will be entitled to recover whatever balance may be found to be due, after deducting the sum of $212, with the interest which may have accrued on that sum. But all these facts must be considered in connection with the testimony of William S. Hearn, and the receipt of the 24th of March, 1855, for $1.07. This witness stated in substance, that a few days before the judgment note was given, the parties made “a full settlementthat they “cast.up their accounts” on asíate; that the plaintiff “brought forward his- claim of $400,” being the amount of consideration-money mentioned in the deed, and that after deducting this sum from the claims of the defendant, there remained a balance of $212 due to the latter; and that for this sum the judgment note of the 12th of September, 1854, was given. He remembered some of the items constituting the defendant’s claim, such as the note for $159.85, and the bill for $25, and $8.75, but could not recollect other items which he said were taken into account in the settlement. His opportunities of knowing what occurred and the accuracy of his recollection and statement, are matters proper for your consideration.
But, gentlemen, if you believe the testimony of the witness William S. Hearn (and his credit for veracity has not been attempted to be impeached), there was a full settlement between the parties, in which the sum of $400, now in controversy, was taken into consideration, and in which a balance of $212 was found due to the defendant. If this be true, the plaintiff is not entitled to recover. On the other hand, if you should be of opinion from the evidence that the sum of $400 was not taken into consideration, and that the defendant is actually and justly indebted to the plaintiff, then you should find for the plaintiff for such balance as may remain after deducting the sum of $212, with its interest, unless you shall be satisfied that the receipt for $1.07 was a final settlement. *613 The weight to which this receipt is entitled, is a matter for your decision.
Moore & W. Saulsbury, for the plaintiff.
C. S. Layton and E. D. Cullen, for the defendant.
To this demand of the plaintiff the defendant has also pleaded the statute of limitations, as to which we have to say to you, that if the suit in this case was not commenced within three years after the accruing of the cause of action, which was at the time of the execution and delivery of the deed to the defendant, the plaintiff cannot recover, unless some subsequent acknowledgment of the debt, or of some part of it, by the defendant, as a subsisting demand against him at the time, made within the three years next preceding the institution of the suit, had been proved to the satisfaction of the jury; in which event, such an acknowledgment made within that time would take the case out of the operation of the statute, and entitle the plaintiff to recover to the extent of such admission. But if no such acknowledgment had been proved, then so far as the plea of the statute of limitations was concerned, it was an absolute bar to the action, if the suit was not commenced within three years after the cause of action accrued ; and if such was the case, then your verdict should be for the defendant.
Verdict for plaintiff for $293.75.